HHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLEEPECK PRINTING COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 3421 |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| THOMAS KACZMAREK, ) | |
| JOHN GUNTHORP, TIMOTHY KESTER, ) | |
| DEBORAH BLUM and ) | |
| LITHOARTS MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss. For the following reasons, the Motion is denied.

## I. BACKGROUND

### A. Facts

Plaintiff Sleepeck Printing Company ("Sleepeck") is a print shop located in Bellwood, Illinois. Sleepeck is an Illinois corporation. Defendant Thomas Kaczmarek was a print salesman for Sleepeck during the years 1996-2006. Kaczmarek owns Defendant Lithoarts Management, LLC. Defendant Deborah Blum was Kaczmarek's chief administrator at Sleepeck. Defendants John Gunthorp and Timothy Kester were job cost estimators for Sleepeck.

In its Complaint, Sleepeck makes the following allegations. In 1996, Sleepeck hired Kaczmarek, Blum, Gunthorp, and Kester from another printing company. These Defendants

1

worked at Sleepeck until 2006, when they left to work for a competitor of Sleepeck's. While at Sleepeck, these Defendants worked together, without interference from other Sleepeck personnel, on selling, estimating, pricing, invoicing, administering, and calculating commissions on Sleepeck accounts. For salespeople other than Kaczmarek, Sleepeck paid commissions based on the difference between its actual costs and the price paid by the customer. However, Kaczmarek had arranged for commissions to be paid based on the difference between the estimated job costs and the price paid. This arrangement required Kaczmarek and his estimators (Gunthorp and Kester) to provide honest price estimates.

Sleepeck operated a computer system that contained preprogrammed job cost standards. Gunthorp and Kester allegedly overrode, altered, and omitted Sleepeck's standard job costs to artificially lower estimated costs for certain jobs, thereby increasing the difference between the estimated costs and the price paid, in turn increasing Kaczmarek's commissions. Sleepeck alleges that Blum, along with Kaczmarek, instructed Gunthorp and Kester to alter the estimated print costs.

After Kaczmarek, Blum, Gunthorp, and Kester left Sleepeck in 2006, Sleepeck audited many of the print jobs sold by Kaczmarek, and uncovered this alleged scheme. The 33 page, 104 paragraph Complaint outlines in detail Defendants' alleged activities in furthering this scheme. Sleepeck estimates that the estimated job costs used to calculate Kaczmarek's commissions were approximately $1,000,000 lower than its actual costs.

**B. Procedural History**

Sleepeck filed its Complaint on June 15, 2007. Defendants filed their Motion to Dismiss on August 8, 2007. Defendants assert that the Complaint should be dismissed in its entirety

2

pursuant to FRCP 9(b) and 12(b)(6). In addition, Defendants argue that the court should apply a "revolutionized" pleading standard for making a valid complaint in the federal courts. See Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007). The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

The court takes the allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff for purposes of determining whether the allegations state a claim for relief under Rule 12(b)(6). See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The court recognizes, however, that a complaint may no longer survive dismissal by simply satisfying the notice function of FED. R. CIV. P. 8(a). See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007).

The Seventh Circuit has recently characterized two "easy-to-clear hurdles" that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level;" if

3

they do not, the plaintiff pleads itself out of court. Id.; see also United States v. Beard, 354 F.3d 691, 692-93 (7th Cir. 2004) ("[T]he plausibility of an explanation depends on the plausibility of the alternative explanations.").

Rule 9(b) provides that, "the circumstances constituting fraud or mistake shall be pled with particularity." FED. R. CIV. P. 9(b); see Welborn Clinic v. MedQuist, Inc., 301 F.3d 634, 641 (7th Cir. 2002). "The requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless." Fidelity Nat'l Title Ins. Co. of New York v. Intercountry Nat'l Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005) (internal citations omitted). Allegations of fraud must therefore include "the who, what, where, and when of the alleged fraud . . . .". Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 468 (7th Cir. 1999); see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

## B. Defendants' Motion to Dismiss

The court declines to address the issue of whether Bell Atlantic in fact articulated a "revolutionized" pleading standard for all federal lawsuits. After examining the Plaintiff's Complaint, Defendants' Motion to Dismiss, and the parties' briefs on the Motion, the court finds that under the old "notice pleading" standard, or under the new Bell Atlantic standard as interpreted by the Concentra court, Sleepeck has done enough to survive Defendants' Motion to Dismiss.

Counts I and II, RICO counts, allege that certain Defendants engineered a pattern of mail and wire fraud, while other Defendants, acting in concert, facilitated this scheme. Pages 10 through 18 of the Complaint contain detailed allegations regarding "the who, what, where, and

4

when of the alleged fraud . . . .", see Ackerman, 172 F.3d at 468, and sufficient facts to make the RICO allegations plausible. See Lachmund v. ADM Investor Servs., Inc., 191 F.3d 777 (7th Cir. 1999). The Complaint contains sufficiently plausible allegations of violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, so that Count III survives the Motion to Dismiss. Count IV, common law fraud, meets both the heightened pleading standards of Rule 9(b), and the requirements of Bell Atlantic. Counts V (beach of fiduciary duty) and VII (trade disparagement) also meet the Bell Atlantic standards.

The court notes that Defendants do not challenge the sufficiency of Count VI (action on account) and Count VIII (declaratory relief). Instead, Defendants request that the court remand these claims to state court if the other claims are dismissed. The court has not dismissed any of Plaintiff's claims.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

IT IS SO ORDERED.

ENTER:

*Charles R. Norgle*

Charles R. Norgle, District Judge

Dated: March 18, 2008

5